UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
**FILED**

APR 28 2006

AT FRANKFORT
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**CRIMINAL ACTION NO. 05-66-KKC**

**UNITED STATES OF AMERICA**      **PLAINTIFF**

V.      **PLEA AGREEMENT**

**BILLY ROLAND PHILLIPS**      **DEFENDANT**

\* \* \* \* \*

1. The United States of America and the Defendant enter into this Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c).

2. The Defendant agrees to enter a plea of guilty, not a nolo contendere or *Alford* plea, to the indictment, charging a violation of 18 U.S.C. § 922(g)(1).

3. As to the indictment, the United States could prove the following facts, among others, that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admit these facts:

(a) On the date and location listed in the indictment the defendant possessed 3 firearms. The defendant has previously been convicted, in Fayette County Court case number 82 CR-425-1, of Receiving Stolen Property and Carry Concealed a Deadly Weapon. The defendant has not had his civil rights restored including his right to carry a firearm.

1

4. The United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to other calculations. This recommendation does not bind the Court.

    (a) Pursuant to U.S.S.G. § 3E1.1, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty. This recommendation is made provided Defendant does not engage in future conduct which violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and Defendant will not be allowed to withdraw his plea.

5. The maximum statutory punishment for the count in the indictment is imprisonment not more than 10 years imprisonment, a fine of not more than $ 250,000 and a term of supervised release of not more than 3 years.

A mandatory special assessment of $100.00 applies to the felony count, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing.

6. This Agreement does not bind the United States Attorney's Offices in other districts concerning matters under investigation or prosecution in the other districts.

7. All statements and testimony that the Defendant provides must be truthful. This Agreement does not preclude the prosecution of the Defendant for perjury or making false declarations relating to statements or any testimony rendered pursuant to this Agreement.

2

8. The Defendant waives the statutory right to appeal and the right to collaterally attack the guilty plea and conviction, including any order of restitution.

9. The Defendant will not file a motion for a decrease motion pursuant to U.S.S.G. Chapter 5, parts H or K, or seek a decrease in the offense level pursuant to U.S.S.G. § 2K2.1(b)(2) by claiming the weapon was possessed solely for collection or sporting purposes. The defendant reserves the right to argue these theories pursuant to 18 U.S.C. 3553(a) at sentencing.

10. The United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement. The United States will make a motion to dismiss case number 06-06030M after the sentencing. The United States reserves the right to argue all evidence in its possession at sentencing.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. The Defendant will cooperate fully with the United States in the investigation or prosecution of the matters in the Indictment and all related matters, including, but not limited to testifying truthfully in all proceedings. If the Defendant provides substantial assistance in the investigation or prosecution of other persons who have committed an

offense, the United States will consider filing a motion for a downward departure from the sentencing guidelines and applicable statutory minimum mandatory sentence. The decision to file a motion is solely within the discretion of the United States. If the Defendant violates any part of this Agreement, the United States has the option of voiding this Agreement and seeking an indictment for any violations of federal laws and the Defendant waives any right to challenge the initiation of additional federal charges.

13. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

AMUL R. THAPAR
UNITED STATES ATTORNEY

Date: _____    By: _____
Gregory A. Ousley
Assistant United States Attorney

Date: 4/27/06   _____
Billy Roland Phillips
Defendant

Date: 4/27/06   _____
Hon. Stephen Charles
Attorney for Defendant

**APPROVED**, this 27 day of April, 2006.

_____
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE