UNITED STATES OF AMERICA
EASTERN DISTRICT OF KENTUCKY
INDICTMENT NO 05-66-KKC

UNITED STATES OF AMERICA,                                              PLAINTIFF

**DEFENDANT'S
SENTENCING MEMORANDUM**

BILLY ROLAND PHILLIPS,                                                 DEFENDANT

In this Memorandum Defendant by Counsel will address both as yet unresolved objections to the Presentence Report and Title 18 U.S.C. §3553(a) issues which he submits deserve particular attention in arriving at a sufficient, but not greater than necessary sentence in this case. Some or all of Phillips' objections to the Presentence Report may be moot. The Court's sentencing Order, however, requires that both the parties' memoranda supporting objections to the Presentence Report and the final addendum to the Presentence Report be filed not less than 10 days before sentencing. As of this date Counsel has not received the Addendum.

**FACTUAL BACKGROUND**

Defendant Billy Roland Phillips is 65, soon to be 66 years old. In September, 1982 he pled guilty to possessing and concealing counterfeit U.S. obligations (a felony). On September 24, 1982 he pled guilty to receiving stolen property (a felony) the sentence for which ran concurrent with his federal sentence

on the previously mentioned felony.  Since his release from prison on these felonies he has suffered only one conviction, that being for reckless driving in the Laurel District Court on August 19, 2004.

Since the mid 1980's until March 9, 2006 he has lived with his mother in her house.  His mother is now 89 years old and suffering from increasing dementia and other age related infirmities.  She does not drive.  She has one other son who is 68 years old, has a family, is employed and lives in London, Kentucky.  We plan to offer testimony at the sentencing hearing concerning Bill's mother's dependence on him, her noticeably increased difficulty over the past five months since Bill was incarcerated and the dim prospects of her being able to remain in her home if he is imprisoned.

In 1981 Bill suffered six gunshot wounds which resulted in a splenectomy, left nephrectomy, partial pancreatonomy, and diabetes secondary to partial pancreatonomy coupled with the removal of one kidney.  Following his recovery from the gunshot wounds Bill worked sporadically in the coal industry with some difficulty.  Due to the debilitating effects of the shooting and the state of the coal industry he ceased his involvement in coal mining in the late 1980's and worked sporadically as a self employed private investigator.  In the late 1990's he was investigating the death of a Hubbard boy.  During the course of this

investigation he spoke with Scott Collins at Stevie Collins' Game Room. Later that evening Scott Collins was reported missing. His body was discovered several months later. The Collins family originally blamed Bill for Scott Collins' death. On September 2, 1997 numerous shots were fired at Bill as he exited his vehicle at his mother's home. A vehicle fitting the description of the vehicle fleeing the scene was later found burned. It was registered to Grant Hatfield, (Exhibit 1). Three weeks later Phillips' girlfriend's camper trailer was fired into from an automobile driving by. His girlfriend and her son were injured. Her son-in-law was killed, (Exhibit 2). On May 19, 2002 the truck Phillips was driving was shot into numerous times. He was seriously wounded. Two days before this incident he had delivered court documents from Indiana to Freddy Thompson, who was running against Clay County Court Clerk Jennings White in the May primary, (PSI, para 12, last sentence). Denver Sizemore has testified in Case No. 05-30-SSS-DCR *United States v. Kenny Day, et al* that, shortly after the May 2002 primary election, Jennings White paid him $12,500.00 of a $25,000.000 contract price to have Bill killed, (Exhibit 3). In August, 2002 Harold Wayne Collins attempted to kill Bill by shooting him on Kentucky Highway 80 a short distance from his home, (Exhibit 4). Shortly before Mother's Day in May 2004 a number of shots were fired into the Phillips home. Fortunately nobody was hit. On Mother's Day (May 9, 2004) Bill was arrested for DUI during the course of which arrest the guns

which are involved in this indictment were found. Denver Sizemore in the course of his testimony referenced above testified that he had last spoken to Jennings White several months before his testimony. White had called to tell him that Bill had been arrested for DUI, where Bill's truck was parked and suggested that that would be a good place to kill him, (Exhibit 5). On September 18, 2004 Johnny Wombles confronted and shot Phillips a short distance from his home. Johnny Wombles is a known associate of Harold Wayne Collins. Grant Hatfield is a known associate of Harold Wayne Collins. Harold Wayne Collins is now in jail for the Fall 2004 murder of Stevie Collins. Grant Hatfield was recently convicted along with 2 other associates of the attempted murder of a witness to the Stevie Collins murder. The brother of the victim of the assault by Hatfield and associates was recently killed by a hit-and-run driver on Kentucky Highway 80. This case remains unsolved. Another witness of the Stevie Collins murder (Crystal Hicks) has since been violently murdered. All of the shooting attacks on Phillips described above were promptly reported to law enforcement authorities. Phillips has done considerable investigation into these incidents and provided the information and evidence he has gathered to law enforcement authorities. There has been only one arrest made in connection with any of the incidents. Harold Wayne Collins was arrested in connection with the August 2002 incident by KSP Detective John Yates. Before midnight on the day of his arrest (Saturday afternoon) he was released on a

$10,000.00 fully secured property bond. This was accomplished by Jennings White (then the Clay County Court Clerk) and James Phillips, the Clay Circuit Clerk who opened their respective offices on a Saturday evening to gather and complete the necessary paperwork to accomplish Collins' release, (Exhibit 6). This is the same Jennings White who Denver Sizemore testified hired him to have Phillips killed. The grand jury took no action on the charge. No action has been taken by any other law enforcement agency or officer to prosecute any of the incidents.

## PRESENTENCE REPORT

As previously mentioned Counsel has not received the Presentence Report Addendum. Therefore objections to the original Report are restated. The Probation Officer has concluded that there were 8 firearms involved and that one of them had been stolen in order to arrive at a total offense level of 17. In paragraphs 10 through 14 of his Presentence Report the Probation Officer describes firearms which Bill is said to have possessed in August of 2002, one of which the Probation Officer says was reported stolen in 1996. In paragraphs 21 through 28 the Probation Officer has included a gun which Bill is said to have possessed in March, 2006. The Indictment in this case charges possession of 4 firearms. The Plea Agreement prepared by the United States setting forth Bill's guilty plea refers to 3 firearms. The Probation Officer cites USSG §1B.3(a)(1)(A) in support of his

recommendation that these firearms be considered as "relevant conduct" to the offense of conviction.   This Guideline, however, calls for consideration of all acts committed by the Defendant that occurred during the commission of the offense of conviction, in preparation for that offense or in the course of attempting to avoid detection or responsibility for that offense.   Neither the firearms described in the alleged incident of August 2002 nor the firearm described in the alleged incident of March 2006 can be said to have been possessed during the commission of the May 2004 offense, in preparation for that offense or in the course of attempting to avoid detection or responsibility for the offense.   These firearms are not properly considered, (<u>United States v. Roxborough</u>, 99 F.3d 312 (Cir. 6   1996)).

> The United States Supreme Court made it clear in <u>United States v. Booker</u>, 543 U.S. 220 (2005) that the Sixth Amendment applies to a criminal defendant's sentence, meaning that any sentence factor other than a prior conviction that increases the punishment must be either admitted by the Defendant or proved beyond a reasonable doubt, (<u>United States v. Alford</u>, 436 F.3d  677 (Cir 6, 2006)).  The Plea Agreement drafted by the United States in this case recites and Bill admits possession of only three firearms.   The Court is not permitted (and should not be invited) to find under the guise of relevant conduct, that he actually possessed eight firearms or that one of the firearms was stolen.   We submit that the proper guideline calculation is offense level 13  with a criminal history category 1.

Paragraph 95 of the Presentence Report notes that because Bill's prior felony convictions do not result in any criminal history points, his criminal history category might not accurately reflect the seriousness of his past criminal conduct. Although paragraph 94 states that this does not necessarily constitute a recommendation of a departure, we believe that the suggestion implicit in paragraph 95 is inappropriate. Bill's two previous felony convictions occurred 22 years before the offense charged in the indictment. Both were for nonviolent offenses. The sentences for both ran concurrently. Since his release from imprisonment on those felonies he has suffered one conviction for reckless driving. The fact of the prior felony conviction is an essential element of the present offense. Were it not for the prior felony conviction he would not be before this Court. The Guidelines have considered the irrelevance of the prior convictions because of their age by providing that they accrue no criminal history points.

## TITLE 18 U.S.C. §3553(a)

Title 18 U.S.C. §3553 directs the Court to impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in paragraph 2 of subsection (a). In doing so it shall consider among other things the nature and circumstances of the offense and the history and characteristics of the defendant. The offense here is possession of a firearm by the defendant who was convicted of 2 nonviolent felony offenses 24 years ago, which resulted in a brief concurrent

sentence of imprisonment.  Although Bill's possession of the firearms was in violation of Title 18 U.S.C. §922(g)(1), the offense was committed in the type of "rare situation" envisioned by the Court in <u>United States v. Singleton</u>, 902 F.2d 471 (Cir 6, 1990) and <u>United States v. Gomez</u>, 92 F.3d 770 (Cir 9, 1996).  Bill is almost 66 years old and, but for the 24 year old felonies and the instant offense, he has no significant criminal record.   He is the primary caretaker of his 89 year old mother.   Without his presence and assistance it is unlikely that she will be able to remain living in her home.   Proper application of the Sentencing Guidelines calls for an advisory guideline range of 13 and a criminal history category 1 calling for a sentence of imprisonment of 12-18 months.   As noted by the Probation Officer in paragraph 87, under Title 18 U.S.C. §3561(c)(1) Bill is eligible for probation.   If the guidelines were still mandatory they would prohibit probation without a downward departure because level 13 is in Zone D.    The Guidelines, being advisory, no longer prohibit probation.   The established conspiracy to kill Phillips with no law enforcement reaction certainly would justify a reduced sentence under USSG §5K2.11 and is a legitimate and compelling consideration under Title 18 U.S.C. §3553(a), <u>(United States v. Williams</u>, 432 F.3d 621 (Cir 6 2005)).   He is clearly irreplaceable in terms of avoiding his mother's institutionalization which constitutes a legitimate basis for departure under USSG §5H1 and constitutes a legitimate and compelling basis for a sentence outside the advisory guideline range,

(*United States v. Marine*, 94 F.Appx. 307 (Cir 6  2004)).

It is our suggestion that the Court sentence Bill under an advisory guideline range of 11 or 12 calling for a sentence of 8-14 or 10-16 months.   Both these offense levels are in Zone C and allow for a split sentence.   Our suggestion is that he receive a sentence of 10 months imprisonment with 5 months to be served with credit for time served as of sentencing and the remaining 5 months to be served on electronic monitoring confined to his mother's home, subject to such travels as are necessary to meet her needs.   In view of the circumstances of the offense and the importance of his assistance to his mother, we suggest that such a sentence would adequately reflect the seriousness of the offense, promote respect for the law and just punishment for the offense committed.   It would likewise afford adequate deterrence to future criminal conduct.   Inasmuch as most of the perpetrators of the assaults on Phillips are now incarcerated, the likelihood of future assaults is greatly diminished.   For these reasons Billy Roland Phillips by Counsel respectfully requests the Court to impose the  suggested sentence.

       Respectfully submitted,


       S/<u>Stephan Charles</u>
       **STEPHAN CHARLES**
       Counsel for Bill Roland Phillips
       304 Bridge Street
       Manchester, Ky 40962
       (606) 598-6120


      CERTIFICATE OF SERVICE


  The undersigned certifies that on this date the foregoing Memorandum was filed electronically with the Clerk of the U.S. District Court and served upon Greg Ousley, AUSA, 601 Myers Baker Road, London, Ky 40741 by using the CM/EMF System.
  On this the <u>11th</u> day of August, 2006.

       S/ <u>Stephan Charles</u>
       **STEPHAN CHARLES**